UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, Government, | : Case No. 22CR100(VAB) |
| vs. | : |
| BY TRADE OU, Defendant. | : 915 Lafayette Blvd Bridgeport, CT April 4, 2023 |

- - - - - - - - - - - - - - - X

TRANSCRIPT OF SENTENCING HEARING

BEFORE: THE HONORABLE VICTOR A. BOLDEN, U.S.D.J.

APPEARANCES:

FOR THE GOVERNMENT:
KONSTANTIN LANTSMAN, ESQ.
DOJ-USAO
157 Church Street
25th Floor
New Haven, CT 06510

RAHUL KALE, ESQ.
U.S. Attorney's Office-BPT
1000 Lafayette Blvd.
10th Floor
Bridgeport, CT 06604

FOR THE DEFENDANT:
IGOR LITVAK, ESQ.
The Litvak Law Firm, PLLC
1733 Sheepshead Bay Road
Suite 22
Brooklyn, NY 11235

Sharon Montini, RMR, FCRR
Official Court Reporter

Proceedings recorded by mechanical stenography, produced by computer-aided transcription.

(Proceeding commenced 12:40 p.m.)

THE COURT: All right. Good afternoon. Please be seated. We here in the United States v. By Trade OU. Will counsel please state their appearances for the record.

MR. LANTSMAN: Good afternoon, Your Honor. Assistant United States Attorney Konstantin Lantsman for the government. And joining us by Zoom is Assistant U.S. Attorney Rahul Kale.

THE COURT: Good afternoon, Mr. Lantsman.

Good afternoon, Mr. Kale. Thank you for being available.

MR. LITVAK: Good afternoon, Your Honor. Igor Litvak on behalf of By Trade. And joining us by Zoom is By Trade's representative, Jekaterina Loktajeva.

THE COURT: All right. Thank you very much.

I also will note for the record we have United States Probation Officer Meghan -- why did I forget your last name.

THE PROBATION OFFICER: Nagy, Your Honor.

THE COURT: Yes. Sorry. In place of

actually United States Probation Officer Michelle Murphy.

Mr. Lantsman or Mr. Kale, are there any issues with the Crime Victims' Rights Act?

MR. LANTSMAN: No, Your Honor.

THE COURT: Okay. All right. On December the 1st of 2022, the defendant appeared before me and entered a guilty plea to Counts One and Four which charged the corporation with conspiracy to violate the Export Control Act and international money laundering conspiracy, in violation of 18 U.S.C. Section 371 and 18 U.S.C. Section 1956(h).

The United States Probation Office prepared a presentence report. The final report was dated March the 9th of this year. I have reviewed that report, the final addendum, and the second addendum also March the 9th. I have not consulted with its principal author, but I have consulted with probation on this. I have also reviewed the various submissions.

Mr. Litvak, have you and your client discussed the presentence report and any addenda to it?

MR. LITVAK: Yes, Your Honor. Yes, we

have.

THE COURT: Any objections to any of the factual statements in the presentence report or its addenda?

MR. LITVAK: We have no objections at this time.

THE COURT: All right. Thank you so much.

Mr. Lantsman, does the United States have any objections to any of the factual statements in the presentence report or its addenda?

MR. LANTSMAN: No, Your Honor.

THE COURT: All right. With there being no objections to the factual statements in the presentence report or its addenda, the Court adopts them as its findings of fact in this case.

I also accept the plea agreement signed on December the 1st and filed on that date. I am satisfied that the agreement and stipulation of offense conduct adequately reflects the seriousness of the actual offense behavior and doesn't undermine the purposes of sentencing.

The following are the mandatory minimum penalties as a matter of statute. For a fine, maximum fine for Count One is $500,000, and the

maximum fine for Count Four is $500,000. And there is an eligibility for probation of a term of not less than, no more than five years. And there is also a forfeiture requirement which the government intends to exercise, as well as the mandatory special assessment of $400 on each count of conviction for a total of $800.

Do either counsel have any objection or correction to that statement of the maximum and minimum penalties in this case?

MR. LANTSMAN: No, Your Honor.

MR. LITVAK: No objection, Your Honor.

THE COURT: All right. With respect to -- I guess the sentencing guidelines are really less applicable in this context, but we do -- in terms of looking at a sentencing range, we do have the fine range of 10,000 to a million, and then the same mandatory special assessments.

Any objections or concerns regarding the sentencing guidelines?

MR. LANTSMAN: No, Your Honor.

MR. LITVAK: No objection, Your Honor.

THE COURT: All right. Mr. Litvak, before I proceed to sentencing, you can make any statements you would like to make on behalf of your

client.

MR. LITVAK: We will not be making any statements except just to ask that the Court sentence By Trade to the sentence that was agreed to with the government, which is the forfeiture amount.

THE COURT: All right. Thank you very much.

Is there anything further the United States would like to offer on sentencing?

MR. LANTSMAN: Just to say, Your Honor, that the sentence agreed to in the plea agreement is a significant and reasonable sentence in this case. The company here would be forfeiting all its assets, and it is the United States government's understanding that the company would very soon fold as a result. That is an outcome that the United States feels is appropriate in this case and just. Thank you.

THE COURT: Great. Let me ask you one issue sort of related, but -- well, it's related in the sense that the Court has asked for, and I know Mr. Kale has submitted on behalf of the United States, a final order of forfeiture. I do also have pending before me a motion for attorney's fees for Mr. Litvak, which, if I understand it correctly, you

would want me to be able to order at least some segment of those proceeds to go to him for attorney's fees. Does the United States have a position on that?

MR. LANTSMAN Your Honor, the United States has no objection to the Court ordering that.

THE COURT: All right. Great. Thank you. So that actually makes my life easier, and Mr. Litvak's as well.

MR. LITVAK: Thank you, Your Honor.

THE COURT: All right. Now, turning to the imposition of a sentence. I'm required to consider a number of factors under 18 U.S.C. Section 3553. They include: Your background and characteristics; the nature and circumstances of the crime; the various purposes of a criminal sentence, punishment, deterrence, rehabilitation, and incapacitation; to the extent the sentencing guidelines give advice; avoid any unwarranted sentence disparities; restitution, and so forth.

In short, I have to consider everything I have in this record and determine whether or not -- determine a sentence that is fair, just, and reasonable but not greater than necessary. I have taken all of those factors into consideration, and

without discussing all of them individually and specifically, I will note that I have taken them all into consideration, and the Court, consistent with the parties' recommendation -- I am not obviously ordering any term of imprisonment. I'm not ordering a fine given the recommendations that are here about a motion for forfeiture. I will enter the order for forfeiture. I will amend that order and grant the motion for attorney's fees as has been requested. And then the mandatory special assessment of $800.

Let's see, hang on one second. Yeah, I think it's not -- given the circumstances of this case, other conditions that ordinarily would be in place, such as terms of supervised release and so forth, would not be appropriate.

So as a result of that, the Court is going to enter the forfeiture order with the modification with respect to the attorney's fees, as well as order the mandatory special assessment of $800.

Do either counsel know of any reason that that sentence I have described cannot legally be imposed as the sentence of the Court?

MR. LANTSMAN: Just to clarify, the $800 mandatory special assessment will come out of the

forfeiture.

THE COURT: Got it. That's fine. I will make sure the order reflects that as well.

MR. LANTSMAN: Thank you, Your Honor.

THE COURT: All right. Other than that, no objections?

MR. LANTSMAN: No objections.

THE COURT: Mr. Litvak?

MR. LITVAK: No objections, Your Honor.

THE COURT: Great.

The sentence I have set forth will be hereby imposed as the sentence in this case. The judgment of the Court will be prepared for my signature by the clerk's office in consultation with the United States Probation Office. The organization does have the right to appeal the sentence I have just imposed. If you wish to file a notice of appeal, you must file it within 14 days of the entry of judgment. Do you understand that time limit, sir?

MR. LITVAK: Yes, I do, Your Honor.

THE COURT: I want to remind you -- actually, I don't think -- there wasn't a waiver. I don't think there was a waiver of appeal rights. Hang on one second, let me just double check.

Oh, yes, there was a waiver of appeal rights. There was a waiver of appeal rights and those conditions appear to have been met, so it appears you have validly waived your right to appeal or collaterally attack the conviction and sentence. I'm advising you of your right to appeal in the event you believe there is some fundamental defect in these proceedings that has not been waived by your plea agreement. Do you understand, sir?

MR. LITVAK: Yes, Your Honor.

THE COURT: If you wish to appeal but cannot afford to do so, you may apply for leave to appeal in forma pauperis. If that motion is granted, the Court will waive the filing fee for your appeal and appoint a lawyer to represent you at no cost to you. Do you understand that?

MR. LITVAK: Yes, I do, Your Honor.

THE COURT: Actually, one thing. I had one question. Hold on a second. What is the -- I realize -- my apologies. I realized when I was looking at the order of forfeiture it is in euros. The plea agreement talks about -- the plea agreement talks about a forfeiture of $300,000.

MR. LITVAK: Right. So the funds -- the bank account is actually in euros. The actual funds

are in euros.

THE COURT: Okay.

MR. LITVAK: But so -- yes, the forfeiture will be in euros, but I believe once they get to U.S. there will be like a lesser amount, so...

THE COURT: The only reason I asked that is because the express language of the waiver of the appeal and the forfeiture references a forfeiture of 300,000 in dollars, and so it could create a circumstance if there is some -- I will do this. It appears, based on the numbers that's in the plea agreement, it's possible you haven't necessarily waived your right to appeal, although given everything happening here I don't expect one. But I do want to just note that for the record if there is some possibility the conversion may result in something different.

Mr. Kale, is there something you wanted to say? You are on mute, Mr. Kale. You are still muted. I don't know what to do. There you go. Go ahead.

MR. KALE: I apologize, Your Honor. I just want to let the Court know, I think the 300,000 factors in the $25,000 that will be coming out for

attorney's fees.

THE COURT: Perfect. Thank you very much, Mr. Kale. That's helpful.

So I believe you have waived it, but if you think I have gotten it wrong, certainly if you wish to appeal you may apply for leave to appeal in forma pauperis. If that motion is granted, if you can't afford to do so, they'll waive the filing fee for your appeal to do so and appoint a lawyer to represent you at no cost to you. Do you understand that, sir?

MR. LITVAK: Yes. Yes, Your Honor.

THE COURT: Mr. Kale, I think we did this, but I'm trying to make sure. Are there counts to be dismissed?

Mr. Lantsman, were there counts to be dismissed? It's One and Four, which suggest there's Two and Three.

MR. LANTSMAN: Yes, Your Honor, as to this defendant only.

THE COURT: As to this defendant. So Counts Two and Three as to this defendant only are dismissed.

Anything else, Mr. Lantsman?

MR. LANTSMAN: Nothing further, Your

Honor.

THE COURT: Anything further, Mr. Litvak?

MR. LITVAK: Nothing further, Your Honor.

THE COURT: All right. Thank you all very much. Thank all of you for being available. And also Mr. Litvak and Mr. Lantsman, I appreciate you both being here in person.

And, Mr. Kale, I appreciate you providing the Court notice about the Zoom issue. I wouldn't certainly want to have any procedural issues affecting this matter. So thank you very much.

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

11/12/23
Date

/S/ Sharon Montini
Official Reporter