UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------X

UNITED STATES OF AMERICA

- against -

STANISLAV ROMANYUK,

Defendant.

------------------------------------X

No. 22-CR-110 (VAB)

FILED *IN CAMERA, EX PARTE* AND UNDER SEAL WITH THE CLASSIFIED INFORMATION SECURITY OFFICER OR DESIGNEE

**ORDER GRANTING GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The Court, having carefully considered the Government's *Ex Parte*, *In Camera*, Under Seal Motion and Memorandum of Law for a Protective Order, and all accompanying attachments filed therewith, hereby **GRANTS** the Government's Motion for a Protective Order in its entirety.

The Court finds that the Government's Motion for a Protective Order was properly filed *ex parte*, *in camera*, for this Court's review, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte*, *in camera* review of the Government's classified Motion and the supporting classified materials.

On the basis of the Court's review of the arguments set forth in the Government's Motion and Memorandum of Law, the Court finds that none of the withheld information is discoverable under Rule 16, *Brady/Giglio*, or any other authority. Further, upon review of the arguments set forth in the Government's Motion and Memorandum of Law and the classified materials, the Court finds that the classified information referenced in the Government's Motion and Memorandum of Law implicates the Government's classified information privilege because the information is properly classified and its disclosure could reasonably be expected to harm the

1

national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Additionally, the Court finds that the "relevant and helpful" standard articulated by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989) is the appropriate standard by which to analyze whether the Government must disclose in discovery classified information where, as here, the Government has properly invoked the classified information privileged. *See also, United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008) (finding that the relevant and "helpful or material" standard applies after proper invocation of the state secrets privilege). To this end, the Court finds that, in applying that standard, none of the classified information referenced in the Government's Motion is relevant and helpful or material to the defense. In addition, the Court finds that defendant's interest in disclosure of the classified information is substantially outweighed by the Government's interest in protecting national security information and the sources and methods by which it is obtained. The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

Accordingly, **IT IS ORDERED** that the Government is authorized to withhold the specified classified information outlined above from discovery to the defendant.

**IT IS FURTHER ORDERED** that the Government's Motion and Memorandum of Law and the accompanying exhibits shall not be disclosed to the defendant, and shall be sealed and maintained in a facility appropriate for the storage of classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any further review, until further notice of this Court.

IT IS SO ORDERED, on this 26th day of April, 2024.

_____
HONORABLE VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE